United States District Court
Southern District of Texas
**ENTERED**
October 01, 2019
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|   Plaintiff, | § | |
| | § | |
|     v. | § | **CRIMINAL NO. 2:18-555-1** |
| | § | |
| **SALVADOR NOYOLA,** | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendant Salvador Noyola's Motion to Dismiss Indictment for Violation of Speedy Trial (D.E. 21) and Motion to Dismiss for Violation of Double Jeopardy (D.E. 22), to which the Government has responded (D.E. 33, 34).

**I. Background**

Defendant allegedly possessed cocaine with intent to distribute on September 17, 2013, and again on November 4, 2014, in Corpus Christi, Texas. Texas Department of Public Safety (DPS) officers arrested Defendant on November 4, 2014. He bonded out on the state charge on November 10, 2014, and a state arrest warrant was issued on May 6, 2015.

Meanwhile, Defendant was arrested in a separate incident on April 23, 2015, after U.S. Border Patrol agents discovered marijuana in his vehicle at an immigration checkpoint. On May 13, 2015, he was indicted in the Southern District of Texas for possession with intent to distribute 55.14 kilograms of marijuana in Case No 2:15-CR-404. He pled guilty before the undersigned judge and was sentenced to 18 months' imprisonment on September 21, 2015. While in the Bureau of Prisons (BOP), Defendant sent at least one letter to the Nueces County Sheriff's Office (NCSO) seeking to lift a pending detainer from the November 4, 2014, cocaine offense. FCI Three Rivers also sent notices to the NCSO and the Nueces County DA's Office regarding the detainer.

1

Upon his release from the BOP on August 11, 2016, Defendant was transferred to the Nueces County Jail on a state detainer based on a pending charge of felony manufacturing or delivery of a controlled substance. On November 3, 2016, he was indicted in Nueces County, Texas, for knowingly transferring between 200 and 400 grams of cocaine to Cristina Hernandez on or about November 4, 2014. *State v. Noyola*, Cause No. CR14-00-3977-G. Defendant filed a motion to dismiss on speedy trial grounds, and the state case was eventually dismissed pursuant to a state's motion to dismiss for prosecutorial discretion. The September 17, 2013, offense was not prosecuted by the state.

On May 25, 2018, Defendant was arrested after U.S. Border Patrol agents discovered 41 kilograms of marijuana in his vehicle at an immigration checkpoint. On June 13, 2018, he was indicted in the current federal case for possession with intent to distribute marijuana on or about May 25, 2018. A Superseding Indictment was filed on September 12, 2018, which added: Count Two, alleging that between September 17, 2013, and November 4, 2014, Defendant conspired to possess with intent to distribute 356 grams of a mixture containing a detectable amount of cocaine; Count Three, alleging that on or about September 17, 2013, Defendant possessed with intent to distribute 107 grams of a mixture containing a detectable amount of cocaine; and Count Four, alleging that on or about November 4, 2014, Defendant possessed with intent to distribute 249 grams of a mixture containing a detectable amount of cocaine.

## II. Motion to Dismiss Indictment for Violation of Speedy Trial

Defendant argues that the Government's almost five-year delay in bringing the charges against him in Counts Two, Three, and Four of the Superseding Indictment violates his right to a speedy trial.

### A. Statute of Limitations

The Superseding Indictment alleges offenses under 21 U.S.C. §§ 841 and 846 that occurred between September 17, 2013, and November 4, 2014. A five-year statute of limitations is applicable to prosecutions under 21 U.S.C. §§ 841 and 846. *See* 18 U.S.C. § 3282(a). Thus, the Superseding Indictment—filed September 12, 2018—charges offenses occurring within the statute of limitations.

### B. Sixth Amendment

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend VI. "The general rule is that ordinarily the federal constitutional right to a speedy trial arises after a *federal* accusation against the defendant is made, so that a prior state arrest based on the same facts as the subsequent federal charge does not implicate the federal constitutional guarantee." *United States v. Walker*, 710 F.2d 1062, 1069 (5th Cir. 1983) (emphasis in original).

Courts consider four factors in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: "(1) Length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "The [*Barker*] Court isolated three ways in which the defendant might be prejudiced by the delay [i] by lengthy pretrial incarceration, [ii] by a substantial impairment of his defense, and [iii] by being subjected to public scorn and personal anxiety." *United States v. Dyson*, 469 F.2d 735, 741 (5th Cir. 1972). "The first prong of *Barker*, the length of delay, is merely a threshold 'triggering mechanism.' The Court need not inquire into the other factors unless there has been a delay of such length as to be 'presumptively prejudicial.'" *United States v. Edwards*, 577 F.2d 883, 888 (5th Cir. 1978) (quoting *Barker*, 407 U.S. at 530)).

Defendant was arrested by federal agents on May 25, 2018. He was indicted less than a month later, on June 13, 2018. He was still in federal custody on Count One of the Indictment at the time the Superseding Indictment was issued on September 12, 2018, and he was arraigned two days later, on September 14, 2018. The two-day delay between indictment and arraignment was not unreasonable or prejudicial; thus, the Court need not consider the remaining *Barker* factors in its Sixth Amendment analysis. *See Edwards*, 577 F.2d at 888.

### C. Fifth Amendment

A defendant may attack a pre-indictment delay as a violation of his Fifth Amendment right to due process. *Walker*, 710 F.2d at 1069 (citing *United States v. Lovasco*, 431 U.S. 783, 788–90 (1977)). Like the Sixth Amendment speedy trial analysis, "[t]he 'due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.'" *Id.* (quoting *Lovasco*, 431 U.S. at 390). The Fifth Circuit has held that "where the indictment is not barred by the statute of limitations, dismissal for pre-indictment delay requires an appropriate showing not only of prejudice but also that the prosecution purposely delayed the indictment to gain tactical advantage or for other bad faith purpose." *United States v. Crouch*, 84 F.3d 1497, 1500 (5th Cir. 1996). Although Defendant did not invoke the Fifth Amendment in his motion to dismiss, the Court will consider whether the almost five-year delay from his state arrest until his federal indictment violated his due process rights.

As set forth *supra*, the Superseding Indictment was brought within the statute of limitations. The Government explains that it indicted Defendant only after a state prosecution was not fully pursued. *See United States v. Amuny*, 767 F.2d 1113, 1119–20 (5th Cir. 1985) (dismissing defendant's claim that government's delay in securing federal indictment after "state proceedings had been aborted prior to a trial on the merits" violated due process). Defendant

does not allege any purposeful delay or bad faith on the part of the Government, but merely states that the Government was "negligent" and showed a "lack of diligence in prosecuting [him]." D.E. 21, pp. 1, 4. He has also failed to show actual prejudice,[1] claiming instead that he is relieved from his burden of proving prejudice because of the Government's "extensive unexcused delay." *Id.*, p. 3.

Here, as in *Walker*, "the government has shown adequate non-oppressive reason" for its delay, while Defendant "has not shown any 'actual prejudice to the conduct of the defense' or 'that the Government intentionally delayed to gain some tactical advantage over the defendant or to harass him.'" *Walker*, 710 F.2d at 1069 (quoting *United States v. Marion*, 404 U.S. 307, 325 (1971)). The Court finds there was no Fifth Amendment due process violation resulting from the delay between Defendant's state arrest and federal indictment.

### D. Speedy Trial Act

Finally, Defendant claims the Government's delay in prosecuting him violated 18 U.S.C. § 3161.

The Speedy Trial Act, 18 U.S.C. § 3161, requires federal authorities to indict and try an incarcerated individual within a certain time period after his arrest. Relevant to this case, the Act provides in part that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was

---

1. For example, Defendant has not identified any witnesses whose memories have been impaired on a material issue or who will be unavailable for trial, nor has he identified any material, exculpatory evidence that has been lost. *See United States v. Edwards*, 577 F.2d 883, 889 (5th Cir. 1978) (record did not support a finding of prejudice where no lapses in memory "substantially relate to a material issue" and the delay did not "result[] in the unavailability of material witnesses"); *see also United States v. Lucien*, 61 F.3d 366, 370–71 (5th Cir. 1995) ("Because Lucien completely fails to show that the alleged lost evidence or missing witness in any way impaired his defense, he cannot establish actual prejudice from the delay.") (citing *United States v. Royals*, 777 F.2d 1089, 1090 (5th Cir. 1985) (defendant must show that lost evidence is material, exculpatory, and otherwise unobtainable); *United States v. Neal*, 27 F.3d 1035, 1043 (5th Cir. 1994) (defendant who failed to explain relevance of lost witness's testimony could not show prejudice)).

arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "Courts uniformly hold that an individual is not arrested under 3161(b) until he is taken into custody after a federal arrest for the purpose of responding to a federal charge." *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987) (collecting cases).

Here, Defendant was arrested by federal agents on May 25, 2018. He was indicted less than 30 days later, on June 13, 2018.  He was still in federal custody on Count One of the Indictment at the time the Superseding Indictment was issued on September 12, 2018, and he was arraigned on those charges just two days later. There was no Speedy Trial Act violation.

### III. Motion to Dismiss for Violation of Double Jeopardy

Defendant argues that the charges alleged in Counts Two and Four of the Superseding Indictment in the instant case (conspiracy and possession with intent to distribute cocaine on November 4, 2014) were already brought in *State v. Noyola*, Cause No. CR14-00-3977-G. He previously moved the Court to dismiss the indictment on double jeopardy grounds or to continue the case until the Supreme Court decided *Gamble v. United States*, which granted certiorari on the question: "Whether the Court should overrule the 'separate sovereigns' exception to the Double Jeopardy Clause." 138 S.Ct. 2707 (2018). The Court granted his request for a continuance.

On June 17, 2019, the Supreme Court issued its opinion in *Gamble* and declined to overturn its longstanding interpretation of the Double Jeopardy Clause of the Fifth Amendment. *Gamble v. United States*, —— U.S. —— 139 S.Ct. 1960 (2019). The Court stated:

> That Clause provides that no person may be "twice put in jeopardy" "for the same offence." Our double jeopardy case law is complex, but at its core, the Clause means that those acquitted or convicted of a particular 'offence' cannot be tried a second time for the same 'offence.' But what does the Clause mean by an "offence"?

> We have long held that a crime under one sovereign's laws is not 'the same offense' as a crime under the laws of another sovereign. Under this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute.
>
> Or the reverse may happen, as it did here. . . . Today, we affirm that precedent.

*Id.* at 1963–64.

Thus, Defendant's prosecution for cocaine trafficking in federal court after the dismissal of state charges does not violate double jeopardy.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss Indictment for Violation of Speedy Trial (D.E. 21) and Motion to Dismiss for Violation of Double Jeopardy (D.E. 22) are **DENIED**.

It is so **ORDERED** this 25th day of September, 2019.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE